Filed 12/7/22  P. v. Ung CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SHAUN YANG DO UNG,<br><br>    Defendant and Appellant. | G061237<br><br>(Super. Ct. No. 19WF1642)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Julian W. Bailey, Judge.  Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

## PROCEDURAL HISTORY

In July 2019, a complaint was filed in the Superior Court of Orange County which charged appellant Shaun Yang Do Ung with violating Penal Code[1] section 666.5, subdivision (a), (vehicle taking with a prior conviction) (count 1), and section 496d, subdivision (a), (receiving stolen property) (count 2). The complaint also alleged Ung had suffered prior felony convictions for violating sections 530.5, subdivision (c)(2), and 666.5, subdivision (a), as well as Vehicle Code section 10851, subdivision (a).

On June 16, 2021, after the court informed him of his applicable rights and he waived each of them, Ung entered a guilty plea on count 1. He was then sentenced to two years pursuant to section 1170, subdivision (h)(1). On the same date, count 2 was dismissed "by operation of law," presumably because the property taken or received in counts 1 and 2 was the same vehicle. The court then "retain[ed] jurisdiction on restitution," and set the matter for a restitution hearing in a different courtroom on September 17, 2021.

Before concluding the June hearing, the court and defense counsel engaged in the following colloquy with Ung:

"[Defense counsel]: Mr. Ung, you have a right to be present at a restitution hearing, or you can let your lawyer do it without you. Do you want to waive your presence and you want to do it without you, or do you want to be there?

"[Ung]: I would waive.

"[Defense counsel]: You waive your presence?

"The court: Okay. So his presence is waived.

"[Defense counsel]: Thank you."

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

The restitution hearing was continued to February 17, 2022 before a different judge. Ung was not present when the case was called. Defense counsel informed the court she did not have "977 authority" to proceed in Ung's absence. Counsel therefore objected to moving forward with the hearing since "[Ung] didn't waive his appearance."

The court took judicial notice of the contents of the case file and found Ung had served his two-year sentence and then "absconded according to the supervising probation officer." The court therefore overruled counsel's objection and conducted the restitution hearing. After reviewing the People's restitution brief, hearing live testimony from the victim, and considering a lengthy documentary exhibit, the court ordered Ung to pay restitution to the victim in the sum of $7,705.75 plus 10 percent interest per year through California's Department of Corrections and Rehabilitation. Pursuant to section 1237, subdivision (b), Ung has filed a timely appeal from that order.

We appointed counsel to represent Ung on appeal. After reviewing the entire record and conducting her own analysis of potential appellate issues, appointed counsel informed us in a declaration that she had also consulted with a staff attorney at Appellate Defenders, Inc. Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against her client, counsel's brief set forth the facts of the case and advised us she was unable to find an issue to argue on appellant's behalf. Appellant was given the opportunity to file written argument on his own behalf; he has not done so.

**FACTS**

We need not discuss the facts underlying Ung's conviction at any length since they are not at issue in this appeal. Suffice it to say, when he entered his guilty

3

plea, Ung executed the appropriate document in which he admitted under penalty of perjury the following:

> "In Orange County, California, on 7/6/2019, in Orange County [*sic*], I willfully and unlawfully took a vehicle, not my own, without consent of the owner, and with intent to temporarily or permanently deprive owner of possession. I also suffered a prior conviction for [Vehicle Code section] 10851(a), in 15CF2391. I also knew the vehicle was stolen when I possessed it."

## DISCUSSION

After informing us in her brief that she was unable to find any viable appellate issue in this record, appointed counsel suggests that we examine two: "A. The Restitution Hearing Without the Presence of Appellant Is Governed by Two Conflicting Statutes," and "B. Prejudice Arising From Appellant's Absence From Restitution Hearing."

We are not required to address these unbriefed issues, but we have plenary discretion to do so. After considering both issues in the context of the entire record, we find neither is well-taken for a simple reason. As set forth above, on the day Ung entered his guilty plea he waived his right to be present for any restitution hearing that might be conducted on some future date. The trial court therefore committed no error when it proceeded with the hearing in his absence.

As we must, we have reviewed the record de novo in an effort to identify any other potentially viable appellate issue for Ung. We have found none.

4

## DISPOSITION

The judgment is affirmed.


GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.

5